# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YORYI PEREZ,<br><br>             Petitioner,<br><br>     v.<br><br>M. ARVIZA,<br><br>             Respondent. | Case No. 1:23-cv-01341 JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING RESPONDENT'S MOTION TO DISMISS, GRANTING PETITIONER'S MOTION TO REITERATE JURISDICTION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 10, 13, 16) |

Yoryi Perez is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge a disciplinary proceeding at FCI Mendota and the application of the hearing officer's sanctions by the Bureau of Prisons. (Doc. 1.) Petitioner was released from custody and is now on supervised release. (*See* Docs. 13-14.) Respondent moved to dismiss the action (Doc. 10), and Petitioner moved to "reiterate the jurisdiction" of the Court following his release (Doc. 13). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

As an initial matter, the magistrate judge noted there is "an independent duty to consider *sua sponte* whether a case is moot." (Doc. 16 at 2, quoting *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004).) The magistrate judge observed that the Ninth Circuit held a petition is not moot when a district court may modify the terms of supervised release. (*Id.* at 3-4, citations

1   omitted).)  The magistrate judge found the petition was not mooted by Petitioner's release and
2   recommended the Court "grant Petitioner's motion to reiterate jurisdiction."  (*Id.* at 5.)

3   Respondent moved to dismiss the petition for failure to exhaust administrative remedies.
4   (Doc. 10 at 3.)  The magistrate judge noted the record showed that "Petitioner exhausted his
5   administrative remedies after filing the instant petition." (Doc. 16 at 5.)  Because Petitioner
6   exhausted his administrative remedies and Respondent filed a brief addressing the merits of the
7   petitioner, the magistrate judge determined that "judicial economy will be better served by
8   adjudicating Petitioner's claims on the merits."  (*Id.*)  Therefore, the magistrate judge
9   recommended Respondent's motion be denied.  (*Id.*)

10  Turning to the merits of Petitioner's claims, the magistrate judge found "some evidence"
11  supported the Disciplinary Hearing Officer's determination that Petitioner violated BOP Code
12  108 by possessing a USB charging cable in his cell.  (Doc. 16 at 6-7.)  Although Petitioner
13  asserted his due process rights were violated because an interpreter was not provided at the
14  disciplinary hearing, the magistrate judge found record showed "the DHO ensured the inmate
15  understood the due process rights and was prepared to proceed with the disciplinary hearing," and
16  Petitioner did not establish he needed an interpreter.  (*Id.* at 7-8.)  In addition, the magistrate
17  judge found "Petitioner does not demonstrate how he was prejudiced by the absence of an
18  interpreter."  (*Id.* at 9.)  The magistrate judge also found Petitioner failed to demonstrate any bias
19  by the DHO.  (*Id.*) Finally, the magistrate judge found the BOP did not misapply the sanction
20  imposed by the DHO.  (*Id.*)  Therefore, the magistrate judge found Petitioner was not entitled to
21  relief on any of the grounds raised in the petition, and recommended the petition for writ of
22  habeas corpus be denied.  (*Id.* at 10.)

23  The Court served the Findings and Recommendations on the parties and notified them that
24  any objections were due within 30 days.  (Doc. 16 at 10.)  The Court advised Petitioner that the
25  "failure to file objections within the specified time may waive the right to appeal the District
26  Court's order."  (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).)  Neither
27  Plaintiff nor Respondent filed objections, and the time to do so has passed.

28  According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of the case.

Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 23, 2024 (Doc. 16) are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 10) is **DENIED**.
3. Petitioner's motion to reiterate jurisdiction (Doc. 13) is **GRANTED**.
4. The petition for writ of habeas corpus is **DENIED**.
5. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:  **July 23, 2024**

UNITED STATES DISTRICT JUDGE